IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-601-M-BM

| | |
|---|---|
| JUSTINE GARLAND, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| RAMADA BY WYNDHAM RALEIGH, | ) |
| WYNDHAM HOTELS & RESORTS, | ) |
| INC., and JOHN DOE, | ) |
| Defendants. | ) |

This *pro se* case is before the court on the applications [DE-2, -7] by plaintiff Justine Garland ("plaintiff") to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

On September 19, 2025, plaintiff commenced this action by filing an application to proceed without prepayment of fees [DE-2] and a complaint [DE-1]. The court issued an order [DE-3] on September 23, 2025, noting the following deficiencies in plaintiff's filings: (i) the application to proceed *in forma pauperis* was not on the correct court form; (ii) a financial disclosure statement was not provided; (iii) a civil cover sheet was not provided; (iv) a notice of self-representation was not provided; and (v) proposed summonses were not provided for all of the necessary parties for service of this action. The Clerk of Court was directed to provide plaintiff, and did provide plaintiff via United States Mail, with a blank copy of each of the forms listed in the deficiency order for plaintiff's completion. Plaintiff was directed to correct the deficiencies by returning the correct documents by October 8, 2025. [DE-3] at 2. Plaintiff was warned that "[f]ailure to do so may result in the dismissal of this action without prejudice for failure to prosecute." *Id.*

On October 7, 2025, plaintiff made the following relevant additional filings, entitled: (i) "Application to Proceed Without Prepayment of Fees" [DE-7]; (ii) "Financial Disclosure

Statement" [DE-6]; (iii) "JS-44 – Civil Cover Sheet (Simplified and Prefilled)" [DE-4-1]; (iv) "Notice of Self-Representation (Pro Se)" [DE-5]; and (v) "Summons in a Civil Action (AO 440 – Simplified)" [DE-4-2]. Each of the five additional filings, however, was deficient. *See Second Deficiency Order* [DE-8].

On October 22, 2025, the court issued a second deficiency order [DE-8], providing plaintiff an additional opportunity to correct the deficiencies in her filings. Specifically, the court noted that plaintiff "failed to complete the correct forms as provided by the court" and "returned documents appearing to be her own typed version of each form, rather than completing and returning each form itself." *Id.* at 2. The Clerk of Court was again directed to provide plaintiff, and did provide plaintiff via United States Mail, with a blank copy of each of the forms listed in the second deficiency order for plaintiff's completion. Plaintiff was directed to correct the deficiencies by returning the correct, completed documents by November 5, 2025. *Id.* Plaintiff was "again warned that failure to do so may result in the dismissal of this action without prejudice for failure to prosecute." *Id.* To date, plaintiff has not made any additional filings in this case and, therefore, has not cured the noted deficiencies. Plaintiff has failed to respond to the court's October 22, 2025 order.

A court has the inherent power to dismiss a case *sua sponte* for lack of prosecution or failure to comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *United States v. Merrill*, 258 F.R.D. 302, 308 (E.D.N.C. 2009) ("Although Rule 41(b) does not itself provide for *sua sponte* dismissal, a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order." (citations omitted)). However, "dismissal is not a sanction to be invoked lightly." *Ballard v.*

*Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing *Davis v. Williams*, 588 F.2d 69, 70) (4th Cir. 1978)).

Here, plaintiff failed to comply with the deficiency order entered on September 23, 2025 [DE-3], and subsequently failed to respond to the second deficiency order entered on October 22, 2025 [DE-8]. In each of the two deficiency orders, plaintiff was warned that a failure to correct the deficiencies may result in dismissal of the case. Given these failures, it appears plaintiff lacks the intent to prosecute her claims at this time. Accordingly, it is RECOMMENDED that this case be DISMISSED for failure to prosecute and to comply with the court's order.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on plaintiff. Plaintiff shall have until **January 27, 2026**, to file written objections to this Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar defendant from appealing to the Court of**

**Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Submitted, this 12th day of January, 2026.

_____
Brian S. Meyers
United States Magistrate Judge